UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALVETA DELORES WILLIAMS,

    Plaintiff,

v.                                                  Case No. 3:18-cv-574-J-34JBT

HEALTHCARE PROPERTIES OF ST.
AUGUSTINE, INC., D/B/A
THE PONCE THERAPY CARE CENTER,

    Defendant.
_____/

## ORDER

    This cause is before the Court sua sponte. The Defendant, Healthcare Properties of St. Augustine, Inc., d/b/a The Ponce Therapy Care Center (Healthcare Properties), removed the instant action from state court. See Doc. 1 (Defendant's Notice of Removal), filed April 27, 2018. Plaintiff Alveta Delores Williams initiated this action on January 23, 2018, by filing a two count Complaint in which she alleges that Healthcare Properties discriminated against her on the basis of her age and race, in violation of federal statutes 42 U.S.C. § 2000e and 29 U.S.C. § 621, as well as the Florida Civil Rights Act, Florida Statutes Chapter 760. See Doc. 2 (Complaint). Upon review of Williams' Complaint, the Court notes pleading irregularities which require clarification.

    On initial review, Williams' Complaint appears to violate the Eleventh Circuit's prohibition against shotgun pleadings. See Weiland v. Palm Beach County Sheriff's

Office, 792 F.3d 1313 (11th Cir. 2015). A shotgun pleading includes "the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322-23. Here, Williams' Complaint appears to do exactly that. In Count I, Williams asserts a claim of disparate treatment age discrimination against Healthcare Properties based on her termination. Complaint at ¶¶ 15-16, 27. However, she also alleges that while employed at Healthcare Properties, she "has been subject to hostility and poor treatment on the basis, at least in part, of her age." Id. at ¶ 22. Indeed, she further asserts that Healthcare Properties' "actions and inactions created, perpetuated and facilitated an abusive and offensive work environment." Id. at ¶ 25. Thus, in this count she may also be including a hostile work environment claim. Similarly, in Count II, Williams asserts she was treated differently than other employees on the basis of her race with respect to her termination, while also including language consistent with a hostile and offensive work environment claim. Id. at ¶¶ 32-34. As such, in both Counts I and II, Williams appears, at least at first blush, to combine her age and race disparate treatment discrimination claims with allegations of a hostile work environment.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to

2

unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Upon a more careful review of the Complaint, however, the Court notes that although Williams uses some language consistent with a hostile work environment claim along with her disparate treatment claims, she pleads no facts in her Complaint to suggest she seeks to pursue a hostile work environment claim based on either her race or her sex. As such, while the Court might otherwise strike Plaintiff's Complaint as an impermissible shotgun pleading and require her to replead, here the Court will construe Williams' Complaint as solely alleging claims of disparate treatment based on age in Count I and race in Count II. If, in the alternative, Williams did intend to include hostile workplace claims in her Complaint, she must cure the pleading deficiencies identified in this Order in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida on May 1, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record
Pro Se Party